UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MATTHEW DAVILLE,

        Plaintiff,

   v.                                    Case No. 2:24-cv-2354
                                       Judge Edmund A. Sargus, Jr.

RIXEY BROUSSARD, *et al.*,         Magistrate Judge Elizabeth P. Deavers

        Defendants.

## ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on December 17, 2024. (R&R, ECF No. 19.) In that R&R, the Magistrate Judge explained that the Court had granted Plaintiff three extensions of time to complete service on Defendant Rixey Broussard, the last of which expired on November 15, 2024. (R&R, PageID 79; *see also* ECF Nos. 14, 15, 17, 18.) As of the date of the R&R, the record did not reflect the completion of service. (R&R, PageID 79.) The Magistrate Judge therefore recommended that the claims against Defendant Rixey Broussard be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure for failing to timely effect service of process. (*Id.*) The R&R also recommended that Defendant TransCanada USA Services, Inc.'s motion to dismiss claims against Defendant Broussard (ECF No. 16) be denied as moot. TransCanada argues in its motion that the claims against Mr. Broussard should be dismissed for failure to effect service on him. (ECF No. 16 PageID 73.)

    Once a magistrate judge issues a report and recommendation, the relevant statute provides:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1). The failure to file written objections to a magistrate judge's report and recommendation waives a de novo determination by the district court of any issues addressed in the report and recommendation. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Plaintiff was advised of his right to object to the R&R and of the consequences of failing to do so (R&R, PageID 80), but he did not file a timely objection. Accordingly, Plaintiff waived a de novo review of the R&R.

The Court has reviewed the R&R, agrees with the recommendations stated therein, and **ADOPTS** and **AFFIRMS** the R&R. (ECF No. 19.) Plaintiff's claims against Defendant Rixey Broussard are **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service of process. *See* Fed R. Civ. P. 4(m); Fed. R. Civ. P. 21 ("[T]he court may at any time, on just terms, add or drop a party."). TransCanada's Motion to Dismiss All Claims Against Defendant Broussard for Insufficient Service of Process (ECF No. 16) is **DENIED as MOOT**.

This case remains open.

IT IS SO ORDERED.

| | |
|---|---|
| **1/15/2025** | s/Edmund A. Sargus, Jr. |
| **DATE** | EDMUND A. SARGUS, JR. |
| | UNITED STATES DISTRICT JUDGE |